# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL LUCAS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0798** (BOR Appeal No. 2049347)
                    (Claim No. 2012033395)

**INTERNATIONAL COAL GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell Lucas, by Otis R. Mann Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. International Coal Group, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2014, in which the Board affirmed a March 20, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 27, 2013, granting no additional permanent partial disability above the 25% previously awarded. The Office of Judges granted Mr. Lucas an additional 5% permanent partial disability award for a total of 30% permanent partial disability related to his occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lucas, a coal miner for International Coal Group, Inc., developed occupational pneumoconiosis in the course of and as a result of his employment. On September 3, 2009, Mr. Lucas had a pulmonary function test, which showed some loss of pulmonary function. At the outset of the test, Mr. Lucas indicated that he was a smoker for forty years and had quit for three years. Mr. Lucas also indicated that he was a retired coal miner with thirty years of exposure. On

1

December 7, 2010, Mr. Lucas had another pulmonary study. The employer submitted a report dated May 22, 2011, in which George L. Zaldivar, M.D., had performed an independent medical evaluation of Mr. Lucas. Dr. Zaldivar said that his spirometry and the diffusion capacity was invalid due to poor effort. He said that Mr. Lucas had performed well in the spirometry for Donald Rasmussen, M.D., and it revealed the presence of bronchospasms. Dr. Zaldivar stated that the diffusing capacity was also of good quality when Dr. Rasmussen performed his study and it revealed a low diffusion capacity. Dr. Zaldivar said that, as Dr. Rasmussen recognized, rheumatoid arthritis causes pulmonary impairment due to pulmonary fibrosis. Dr. Zaldivar said that interstitial lung disease is a common manifestation of rheumatoid lung disease. He also noted that a smoking history of greater than twenty-five pack-years was an increased risk factor for individuals with rheumatoid arthritis. Dr. Zaldivar mentioned that Mr. Lucas had a density in the right upper lobe which needed a follow-up. Dr. Zaldivar found no evidence to justify a diagnosis of clinical pneumoconiosis. He also said there was no evidence to justify a diagnosis of legal pneumoconiosis because Mr. Lucas's pulmonary impairment with a low diffusing capacity, normal lung volumes, and hypoxia at rest as well as with exercise fit entirely within what was explainable by emphysema and pulmonary fibrosis due to smoking and rheumatoid arthritis. Dr. Zaldivar noted that the lung study performed by Dr. Rasmussen showed an element of bronchospasm not related to Mr. Lucas's occupation and it was compatible with asthma. He said asthma was not related to coal mining work.

On November 20, 2012, Mr. Lucas was evaluated by the Occupational Pneumoconiosis Board. The Occupational Pneumoconiosis Board determined that Mr. Lucas suffered from occupational pneumoconiosis and had 25% whole person impairment related to it. Based upon the report and his previous 25% permanent partial disability award, the claims administrator granted no additional permanent partial disability. Mr. Lucas protested. On February 5, 2014, members of the Occupational Pneumoconiosis Board were called to testify. Jack Kinder, M.D., made diagnoses of occupational pneumoconiosis and emphysema. Dr. Kinder testified that he reviewed blood gas studies by Dr. Rasmussen dated December 7, 2010, and blood gas studies by Dr. Zaldivar dated May 11, 2011. He also had a copy of Dr. Zaldivar's report and some medical records. Dr. Kinder testified that the amount of permanent partial impairment that Mr. Lucas suffered was different than his earlier opinion. Dr. Kinder believed that Dr. Rasmussen's study was the best indicator of permanent impairment. Dr. Rasmussen's report showed an overall impairment of 60%. Dr. Kinder recommended that 30% be apportioned to pneumoconiosis. Dr. Kinder stated that the Board's pulmonary function study after bronchodilator administration revealed improvement, which was evidence of bronchospastic disease not related to pneumoconiosis. Dr. Kinder testified that he agreed with Dr. Zaldivar that rheumatoid arthritis can cause lung disease. However, Dr. Kinder said that upon his review of the entire record he was now of the opinion that Mr. Lucas had 30% impairment related to pneumoconiosis.

The claims administrator, in accordance with the findings of the Occupational Pneumoconiosis Board, granted Mr. Lucas an additional 5% permanent partial disability above the previously awarded 25% permanent partial disability on January 27, 2013. Mr. Lucas protested. Mr. Lucas argued that because both Drs. Rasmussen and Zaldivar's blood gas studies showed Mr. Lucas to suffer from permanent total disability, there was no evidence that would require a finding against him.

The Office of Judges determined that Mr. Lucas was entitled to 30% permanent partial disability related to his occupational pneumoconiosis. The Office of Judges found that the Occupational Pneumoconiosis Board's findings were not clearly wrong in view of the reliable probative and substantial evidence on the whole record. Dr. Kinder, a member of the Occupational Pneumoconiosis Board, testified that the best evidence of Mr. Lucas's impairment was the blood gas study performed by Dr. Rasmussen. The study performed by Dr. Rasmussen revealed 60% impairment. However, because Mr. Lucas had a substantial smoking history, half of the impairment was apportioned to smoking and other lung issues and half to work-related conditions. Because Mr. Lucas had already been awarded 25% permanent partial disability related to the occupational pneumoconiosis, the Occupational Pneumoconiosis Board recommended an additional 5% permanent partial disability award. The Office of Judges followed the recommendation of the Occupational Pneumoconiosis Board and increased the permanent partial disability award by 5%. The Board of Review adopted all the material findings of the Office of Judges and affirmed its Order.

We agree with the decisions of the Office of Judges and Board of Review. The Occupational Pneumoconiosis Board found 30% whole person impairment related to Mr. Lucas's occupational pneumoconiosis. The Office of Judges and the Board of Review agreed and entered its Orders accordingly. Pursuant to West Virginia Code § 23-4-6a (2005) the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [a] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Because Mr. Lucas has not introduced enough evidence to show that the Occupational Pneumoconiosis Board was clearly wrong, the Office of Judges and Board of Review were not in error in granting Mr. Lucas a 30% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II